UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWANA MURPHY, as Personal Representative
for the Estate of JAQUAN SHANTELL MURPHY, Deceased,

     Plaintiff,

                              U.S. District Court No.
                              Hon.

v.

                              WCCC Case No. 23-003870-NO
                              Hon. John H. Gillis, Jr.

CITY OF DEARBORN, OFFICER JOHN DOE,
BYSTANDER JOHN DOE#1, BYSTANDER JOHN DOE #2,
POLICE CHIEF RONALD HADDAD,

     Defendants.

_____/

| | |
|---|---|
| AMIR MAKLED (P76306) | BRADLEY J. MENDELSOHN (P73671) |
| HALL MAKLED P.C. | JEREMY J. ROMER (P77287) |
| Attorney for Plaintiff | Attorneys for Defendants, City of Dearborn, |
| 23756 Michigan Ave., Ste. 100 | City of Dearborn Police Dept., and Ronald |
| Dearborn, MI 48124 | Haddad, only |
| (313) 788-8888 | 16901 Michigan Avenue, Ste. 14 |
| amakled@hallmakled.com | Dearborn, MI 48126 |
| | (313) 943-2035 |
| | (313) 943-2469-Fax |
| | bmendelsohn@dearborn.gov |

_____/

     There is a pending civil action arising out of the transaction
or occurrence alleged in this action in the Third Judicial
Circuit for Wayne County, Michigan bearing Case No. 23-
003870 and assigned to the Honorable John H. Gillis, Jr.

## **<u>NOTICE OF REMOVAL</u>**

NOW COME Defendants, CITY OF DEARBORN, CITY OF DEARBORN

POLICE DEPARTMENT, and RONALD HADDAD only, by their attorneys,

BRADLEY J. MENDELSOHN and JEREMY J. ROMER, and file with this Court a

Notice of Removal of the above-captioned matter from the Wayne County Circuit Court

of the State of Michigan to the United States District Court for the Eastern District of

Michigan, Southern Division, for the following reasons:

1.     On March 28, 2023, a Complaint was filed against Defendant, City of

Dearborn, in the Circuit Court for the County of Wayne, Civil Action No. 23-003870-

NO, alleging damages in in excess of $75,000.00, exclusive of interest, plus costs and

attorney fees.

2.     Service of Civil Action No. 23-003870-NO has been affected on Defendant

CITY OF DEARBORN and RONALD HADDAD.

3.     The above-described action is a civil action over which this Court has

original jurisdiction, based on the provisions of Title 28, United States Code, Section

1331, as one which may be removed to this court pursuant to the provisions of Title 28,

United States Code, Sections 1441 and 1446.  In their Complaint, Plaintiff alleges several

violations and causes of action under 42 U.S.C. § 1983. (Ex. 1, *Plaintiff's Complaint,*

¶¶45 and 58, pgs. 7-8 and 11, filed 3/28/23).

WHEREFORE, Defendants CITY OF DEARBORN, CITY OF DEARBORN

POLICE DEPARTMENT, and RONALD HADDAD, pray that the above action now

pending against it in the Circuit Court for the County of Wayne, State of Michigan, be removed to this Honorable Court.

Respectfully submitted,

/s/ BRADLEY J. MENDELSOHN
BRADLEY J. MENDELSOHN (P73671)
Attorney for Defendants, City of Dearborn, City of Dearborn Police Department, and Ronald Haddad, only
16901 Michigan Ave., Ste. 14
Dearborn, MI  48126
(313) 943-2035
bmendelsohn@dearborn.gov

Date: 4/11/23

## CERTIFICATE OF SERVICE

On April 11, 2023, I sent by first class mail a copy of the foregoing to the following:

Amir Makled, Esq.
23756 Michigan Ave., Ste. 100
Dearborn, MI  48124
amakled@hallmakled.com

__/s/Cynthia Metz_____
Cynthia Metz
16901 Michigan Ave., Ste. 14
Dearborn, MI  48126
(313) 943-2035
cmetz@dearborn.gov

# *<u>EXHIBIT 1</u>*

Approved, SCAO

| | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>23-003870-NO<br>Hon.John H. Gillis, Jr. |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226
                                          Court telephone no.: 313-224-5243

| Plaintiff's name(s), address(es), and telephone no(s)<br>SHAWANA MURPHY as Personal Representative<br>for the Estate of JAQUAN SHANTELL MURPHY,<br>Deceased | v | Defendant's name(s), address(es), and telephone no(s).<br>CITY OF DEARBORN |
|---|---|---|
| **Plaintiff's attorney, bar no., address, and telephone no**<br><br>Amir I. Makled 76306<br>23756 Michigan Ave Ste 100<br>Dearborn, MI 48124-1854 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.        | SUMMONS |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>3/28/2023 | Expiration date*<br>6/27/2023 | Court clerk<br>Jacqueline Ruff |
|---|---|---|

                                          Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01** (9/19)        **SUMMONS**        MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

<table>
<tr><td><strong>SUMMONS</strong><br>Case No. : <strong>23-003870-NO</strong></td></tr>
</table>

## PROOF OF SERVICE

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:   (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]),  and that:   (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
                List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee<br>$ | Miles traveled<br>$ | Fee<br>$ | | Signature _____ |
|---|---|---|---|---|
| Incorrect address fee<br>$ | Miles traveled<br>$ | Fee<br>$ | Total fee<br>$ | Name (type or print) _____ |
| | | | | Title _____ |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                Date

My commission expires: _____   Signature: _____
                 Date                               Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                    Attachments

_____ on _____
                                             Day, date, time

_____ on behalf of _____
Signature

23-003870-NO FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   3/28/2023 10:23 AM   Jacqueline Ruff

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

SHAWANA MURPHY as Personal Representative for the Estate
of JAQUAN SHANTELL MURPHY, Deceased,

        Plaintiffs,

                                                    Case No.    23-    -NO
                                                    Hon.:

v.

CITY OF DEARBORN,
OFFICER JOHN DOE, BYSTANDER
JOHN DOE #1, BYSTANDER JOHN DOE #2,
POLICE CHIEF RONALD HADDAD,

        Defendants.

---

AMIR MAKLED (P76306)
HALL MAKLED P.C.
*Attorneys for Plaintiff*
23756 Michigan Avenue, Suite 100
Dearborn, MI 48124
(313) 788-8888
amakled@hallmakled.com

---

**COMPLAINT**

    There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in the Complaint, pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action not between these parties arising out of the same transaction or occurrence as alleged in this Complaint that is either pending, or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

/s/ Amir Makled

1

**NOW COME** Plaintiffs, JAQUAN SHANTELL MURPHY, SHAWANA MURPHY as Personal Representative for the Estate of Jaquan Shantell Murphy, Deceased, by and through his attorneys at HALL MAKLED, P.C., by AMIR MAKLED, and submits the following complaint unto this Honorable Court:

<u>**JURISDICTION AND PARTIES**</u>

1. Plaintiff JAQUAN SHANTELL MURPHY was homeless at the time of the incident but upon information and belief resided in the City of Detroit, County of Wayne, State of Michigan.

2. Plaintiff SHIRLEY MURPHY is the duly appointed Personal Representative for the Estate of Jaquan Murphy, Wayne County Probate Court, File No. 2021-868785-DE.

3. Defendant, CITY OF DEARBORN is a municipal corporation, duly organized and carrying on governmental functions in the County of Wayne, State of Michigan at all times relevant hereto.

4. Defendant, CITY OF DEARBORN POLICE DEPARTMENT is a subset of the City of Dearborn, duly organized and carrying on governmental functions in the County of Wayne, State of Michigan at all times relevant hereto.

5. Defendant Police Chief RONALD HADDAD, is an individual and the Police Chief of the City of Clinton Township Police Department, and acted under its color of law in the course and scope of employment at all times relevant hereto, in the County of Wayne, State of Michigan.

6. Defendant OFFICER JOHN DOE is an individual and a police officer of the City of Dearborn Police Department and acted under its color of law in the course and scope of employment at all times relevant hereto, in the County of Wayne, State of Michigan.

7. Defendant BYSTANDER #1 is a PRIVATE individual who upon information and belief resided at all times relevant in the County of Wayne, State of Michigan.

8. Defendant BYSTANDER #2 is a PRIVATE individual who upon information and belief resided at all times relevant in the County of Wayne, State of Michigan.

9. Jurisdiction and venue are proper per MCL 600.1621, MCL 600.8301(1) as this matter concerns over $25,000 in damages exclusive of fees and costs.

## GENERAL ALLEGATIONS

10. Plaintiff realleges and incorporates by reference all preceding paragraphs as if more fully set out herein.

11. JAQUAN SHANTELL MURPHY ("Decedent") died July 26th, 2021 and on October 6th, 2021, DECEDENT's mother, Shawana Murphy, was appointed personal representative of THE ESTATE OF JAQUAN SHANTELL MURPHY, DECEASED ("Estate"), by the Wayne County Probate Court, File Number 2021-868785-DE. Plaintiff's demise was due to an unrelated automobile/pedestrian collision and is not part of this litigation.

12. On or about March 30, 2021, Jaquan Shantell Murphy was walking on along the street near Ford and Shaefer roads in the City of Dearborn, carrying take out food.

13. Defendant Officer John Doe responded to a call regarding a person walking in the street.

14. Upon seeing Jaquan, Defendant Officer John Doe exited his patrol car and order Jaquan to come to him and place his possession on the hood of the car.

15. Jaquan, who has a history of mental illness known to Defendant Officer John Doe, complied.

3

16. Defendant Officer John Doe, without reason, provocation, or necessity, grabbed Jaquan by the wrist.

17. Defendant Officer John Doe then violently slammed Jaquan onto the hood of the car, again without reason, provocation, or necessity.

18. Jaquan was able to escape the brutalization and ran away in fear from Defendant Officer John Doe, who chases him across the dangerous busy street.

19. Defendant Officer John Doe forced Jaquan against a vehicle on the other side of the street..  Now struggling in fear of his life with the officer, Jaquan begins yelling "kill me" several times.

20. Defendants Bystanders John Doe #1 and #2, without deputitization or any legal right or duty, join in the brutalization of Jaquan, helping the Defendant Officer John Doe wrestle Jaquan to the ground, one pulling the helpless mentally ill victim by the feet to get him on the ground.

21. Jaquan repeatedly screams that he cannot breathe and needs his medicine, pleas which go unresponded by Police or Bystanders.

22. Jaquan is eventually placed in a police vehicle and finally transferred to hospital.

23. Jaquan is never charged or officially arrested for any crime related to the incident.

24. The cellular telephone videos of the incident go viral, and elicit community outrage.

25. According to media reports, the Dearborn police have a pattern of brutalizing Black people with mental illness, with this event being an example of the criminalization and brutalization of Blackness, mental illness and poverty in Dearborn.

## COUNT I
## GROSS NEGLIGENCE (DEFENDANT OFFCIER JOHN DOE)

4

26. Plaintiff realleges and incorporates by reference all preceding paragraphs as if more fully set out herein.

27. Pursuant to MCL § 691.1407, Defendant Officer John Doe owed Plaintiff a duty to act prudently and with reasonable care, and otherwise avoid use of unnecessary and unreasonable force.

28. Defendant Officer John Doe owed Plaintiff a duty to perform his law enforcement duties competently without causing unnecessary injury or harm.

29. Defendant Officer John Doe breached said duties by improperly, without justifiable reason or provocation, forcibly detaining, assaulting and battering Plaintiff.

30. Defendant Officer John Doe's conduct was so reckless as to demonstrate a substantial lack of concern as to the severity of Jaquan's injuries amounting to gross negligence as defined by MCL § 691.1407.

31. As the direct and proximate result of the Defendant Officer John Doe's gross negligence, Plaintiff suffered injury and damage as fully set forth below.

32. Further, the Bystander Doe Defendants had a duty to allow law enforcement to deal with Plaintiff.

33. Bystander Doe Defendants are not protected by governmental immunity.

34. Bystander Doe Defendants did not possess any training dealing with mentally ill individuals, or any law enforcement, combat, medical, or other training whatsoever and were wholly incompetent to assist law enforcement in a violent takedown of Plaintiff.

35. Bystander Doe Defendants has a duty to act reasonably toward Plaintiff.

5

36. Bystander Doe Defendants breached that duty by inserting themselves in the violent take down of a mentally ill person with no training, authority, or competence whatsoever.

37. Bystander Doe Defendants actions assisting the officer in his grossly negligent acts were the direct and proximate cause of Plaintiff's injuries.

38. Plaintiff was injured as noted in more detail in this complaint, *supra.*

**WHEREFORE**, Plaintiffs requests that this Honorable Court award damages in whatever amount Plaintiff is found to be entitled to in excess of $75,000, plus interest, costs and attorney fees so wrongfully sustained. Plaintiff further requests an award for exemplary and punitive damages and such other and further relief as is consistent with law and which this Honorable Court deems just and proper.

### COUNT II
### VIOLATION OF THE U.S. CONSTITUTION (42 U.S.C. 1983)

39. Plaintiff realleges and incorporates by reference all preceding paragraphs as if more fully set out herein.

40. By reasons of their acts as set forth above, Defendant Officer John Doe acted under color of state law with malice to Jaquan, to the deprivation of his rights, privileges, and immunities secured by the Constitution and law, to wit;

    a. The right to be free from excessive force and to be secure in his person as provided by the 4th and 14th amendment of the U.S. Constitution.

41. Defendant Officer John Doe's conduct was in accordance with the practice, usage, policy, procedures, and/or customs of their employer City of Dearborn. and City of

6

Dearborn Police Department's policies of deliberate indifference to Plaintiff's rights as secured under the U.S. Constitution.

42. As a direct and proximate result of Defendant Officer John Doe's conduct, Plaintiff suffered serious injury and damages as set forth in this complaint.

**WHEREFORE**, Plaintiffs requests that this Honorable Court award damages in whatever amount Plaintiff is found to be entitled to in excess of $75,000, plus interest, costs and attorney fees so wrongfully sustained. Plaintiff further requests an award for exemplary and punitive damages and such other and further relief as is consistent with law and which this Honorable Court deems just and proper.

### COUNT III – 42 U.S.C. 1983 - *Monell* Claim
### AS TO CITY OF DEARBORN, CITY OF DEARBORN POLICE DEPARTMENT, AND CHIEF RONALD HADDAD

43. Plaintiff realleges and incorporates by reference all preceding paragraphs as if more fully set out herein.

44. At all times herein, Defendants City of Dearborn., City of Dearborn Police Department, and Chief Ronald Haddad established, promulgated, implemented, and maintained customs, policies and/or practices, with regard to the City of Dearborn Police Department.

45. At all times herein, Defendants City of Dearborn., City of Dearborn Police Department, and Chief Ronald Haddad established, promulgated, implements, and maintained the following customs, policies and/or practices:

    a. To hire and/or retain as Detectives and supervisors of Police Officers certain persons whom the aforementioned Defendants knew, or should have known, employed excessive and unreasonable force.

7

b.  To hire and/or retain as Detectives and supervisors of Police Officers certain persons whom the aforementioned Defendants knew, or should have known, exhibited disregard for the policies in place to deal with mental handicap and/or disability of residents.

c.  To hire and/or retain as Detectives and supervisors of Police Officers certain persons whom the aforementioned Defendants knew, or should have known, to undertake and engage in unlawful, unreasonable and excessive seizures of residents.

d.  To inadequately train, supervise and discipline those Detectives and supervising police officers, whom the aforementioned Defendants knew or should have known, to employ excessive and unreasonable force;

e.  To inadequately train, supervise and discipline those Detectives and supervising police officers, whom the aforementioned Defendants knew or should have known exhibited disregard for the policies in place to deal with mental handicap and/or disability of residents.

f.  To inadequately train, supervise and discipline those Detectives and supervising police officers, whom the aforementioned Defendants knew or should have known to undertake and engage in unlawful, unreasonable and excessive seizures of residents.

46. Each of the aforementioned policies was instrumental and a driving force in the violations of rights sustained by Jaquan, as set forth herein.

47. Each of the aforementioned policies of failure to train, supervise, and discipline the individual officer and others, was known to the Defendants City of Dearborn., City of

8

Dearborn Police Department, and Chief Ronald Haddad as highly likely and probable

to cause violations of constitutional rights of members of the public.

48. As a direct of proximate result of the policies of the Defendants complained of herein,

Jaquan suffered physical injury, pain and suffering, mental anguish, and emotional

distress, deprivation of liberty and property, and other damages and expenses.

**WHEREFORE**, Plaintiffs requests that this Honorable Court award damages in

whatever amount Plaintiff is found to be entitled to in excess of $75,000, plus interest, costs

and attorney fees so wrongfully sustained. Plaintiff further requests an award for exemplary

and punitive damages and such other and further relief as is consistent with law and which this

Honorable Court deems just and proper.

**COUNT IV**
**CONSPIRACY TO VIOLATE THE CIVIL RIGHTS**
**OF PLAINTIFF PER 42 U.S.C. 1983**

49. Plaintiff realleges and incorporates by reference all preceding paragraphs as if more

fully set out herein.

50. Defendant Officer John Doe and the Bystandaer John Doe Defendants conspired and

committed malicious acts in furtherance of their conspiracy to deprive Jaquan of his

civil rights under the law, depriving him of his rights and privileges granted to citizens

of the United States of America.

51. The Defendant Officer John Doe and the Bystandaer John Doe Defendants conspired

and committed acts in furtherance of a conspiracy to employ excessive force against

Jaquan, thereby depriving him of his civil rights.

52. Each of the aforementioned Defendants acted in furtherance of their conspiracy by engaging in one or more of the acts set forth in this Complaint, in addition to the following acts:

    a.  Illegally and without reason, forcibly detaining Jaquan, slamming him vehicles and the pavement;

    b.  Allowing the assault and battery to take place when it was clearly unreasonable.

    c.  Failing to be fully truthful and forthcoming in regards to the facts and circumstances leading to the assault and battery.

    d.  Failing to investigate the facts and circumstances leading to the assault and battery of Jaquan.

53. As a direct and proximate result of the conspiracy and acts in furtherance thereof, Plaintiff suffered injury and damages as set forth herein.

**WHEREFORE**, Plaintiffs requests that this Honorable Court award damages in whatever amount Plaintiff is found to be entitled to in excess of $75,000, plus interest, costs and attorney fees so wrongfully sustained. Plaintiff further requests an award for exemplary and punitive damages and such other and further relief as is consistent with law and which this Honorable Court deems just and proper.

### COUNT V
### CONSTITUTIONAL DEPRIVATION MUNICIPAL/SUPERVISORY LIABILITY AS TO DEFENDANTS CITY OF DEARBORN, OFFICER JOHN DOE, AND CHIEF RONALD HADDAD

54. Plaintiff realleges and incorporates by reference all preceding paragraphs as if more fully set out herein.

55. At all times relevant, Defendants City of Dearborn, Officer John Doe, and Chief Ronald Haddad, by their own customs, policies, and/or practices systematically failed to properly train, evaluate, supervise, investigate, review and/or discipline their police officers under their supervision;, allowed, acquiesced in, and/or encouraged Defendant Officer to unlawfully confront, assault, batter, use excessive force, humiliate, and mistreat Plaintiff; and proximately caused Plaintiff to be deprived of his right to be free from the use of excessive force.

56. At all times relevant herein, Defendants City of Dearborn, Officer John Doe, and Chief Ronald Haddad, by their failure to correct the behavior of the employees and/or agents under their supervision which said defendants knew or should have known, created the potential for the intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent, and/or omissions of Defendant Police Officer allowed, acquiesced in and/or encouraged said individual Defendant Police Officer to unlawfully use excessive force against Plaintiff.

57. The Civil Rights Act, 42 U.S.C. § 1983 provides for civil liberty under federal law for the deprivation of any right, privilege or immunity secured by the Constitution and the laws of the United States, while committed under color of law.

58. Defendants City of Dearborn, Officer John Doe, and Chief Ronald Haddad, are civilly liable to Plaintiff pursuant to 42 U.S.C. § 1983 because all of the above-described acts and/or omissions were committed under color of law and pursuant to the customs, policies, and/or practices of said Defendants, all of which subjected Plaintiff to the deprivation of his clearly established civil rights.

11

59. As a direct and proximate result of said Constitutional violations, Plaintiff suffered serious and permanent injuries as set forth herein.

**WHEREFORE**, Plaintiffs requests that this Honorable Court award damages in whatever amount Plaintiff is found to be entitled to in excess of $75,000, plus interest, costs and attorney fees so wrongfully sustained. Plaintiff further requests an award for exemplary and punitive damages and such other and further relief as is consistent with law and which this Honorable Court deems just and proper.

**COUNT V**
**ASSAULT AND BATTERY BY THE POLICE OFFICER AND BYSTANDERS**

60. Plaintiff realleges and incorporates by reference all preceding paragraphs as if more fully set out herein.

61. Defendant Officer John Doe and the two Bystander John Doe Defendants, during the course of their contact with Plaintiff, made an intentional, unlawful threat to do bodily injury to Plaintiff by force, under circumstances which created in Plaintiff a reasonable fear of imminent peril. This threat was coupled with the apparent present ability of the Defendants to carry out the act if not prevented.

62. In addition, the Defendant Officer John Doe and the two Bystander John Doe Defendants, intentionally caused an uncontested touching of Plaintiff against his will and without justification.

63. The Defendant Officer John Doe and the two Bystander John Doe Defendants, used more force than was reasonable necessary, by slamming Jaquan into two vehicles, slamming him to the pavement.

12

64. As a direct and proximate result of the battery, Plaintiff suffered severe injury and damage as set forth herein.

**WHEREFORE**, Plaintiffs requests that this Honorable Court award damages in whatever amount Plaintiff is found to be entitled to in excess of $75,000, plus interest, costs and attorney fees so wrongfully sustained. Plaintiff further requests an award for exemplary and punitive damages and such other and further relief as is consistent with law and which this Honorable Court deems just and proper.

## COUNT VII

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

65. Plaintiff realleges and incorporates by reference all preceding paragraphs as if more fully set out herein.

66. Defendants individually and collectively by their extreme and outrageous conduct, intentionally and/or recklessly caused Plaintiff severe emotional distress as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

67. As a direct and proximate result of Defendants' illegal, malicious, intentional conduct, Plaintiff suffered damages as more fully set forth below.

**WHEREFORE**, Plaintiffs requests that this Honorable Court award damages in whatever amount Plaintiff is found to be entitled to in excess of $75,000, plus interest, costs and attorney fees so wrongfully sustained. Plaintiff further requests an award for exemplary and punitive damages and such other and further relief as is consistent with law and which this Honorable Court deems just and proper.

## DAMAGES

13

68. Plaintiff realleges and incorporates by reference all preceding paragraphs as if more fully set out herein.

69. As the direct and proximate cause of Defendants' conduct, Plaintiff suffered injuries and damages, including but not limited to:

    a.  Pain and suffering stemming the physical encounter to his neck, head and back until Jaquan's eventual unrelated death;

    b.  Debilitating physical injury to his body;

    c.  Sleeplessness

    d.  Increased Anxiety

    e.  Headaches

    f.  Nightmares

    g.  Crying

    h.  Depression

    i.  Embarrassment

    j.  Humiliation

    k.  Fear of law enforcement

    l.  And other injuries and physical manifestations as may appear during the course of discovery and trial in this matter.

    m.  Loss of liberty;

    n.  Loss of enjoyment of life;

    o.  Medical expenses and other economic injury; and

    p.  Exemplary damages, punitive damages and reasonable attorney fees, as provided by court rules and statutes, including but not limited to 42 U.S.C. 1988.

14

**WHEREFORE**, Plaintiff Lorenzo Rogan requests that this Honorable Court award damages in whatever amount Plaintiff is found to be entitled to in excess of $75,000, plus interest, costs and attorney fees so wrongfully sustained. Plaintiff further requests an award for exemplary and punitive damages and such other and further relief as is consistent with law and which this Honorable Court deems just and proper.

**Respectfully submitted,**

HALL MAKLED, P.C.
*Attorneys for Defendant*


*/s/ Amir I. Makled*
**Amir I. Makled (P76306)**
 23756 Michigan Ave., Suite 100
Dearborn, MI 48124
(313) 788-8888

Dated: March 21, 2023

15

PC572d    Dpatterson    3/24/2023 10:22 AM    (i)
90
OSM CODE: LET

| STATE OF MICHIGAN<br>PROBATE COURT<br>COUNTY OF WAYNE | LETTERS OF AUTHORITY FOR<br>PERSONAL REPRESENTATIVE | FILE NO.<br>2021-868785-DE<br>Judge Terrance A Keith |
|---|---|---|

Estate of   JAQUAN SHANTELL MURPHY, Decedent   AKA JAQUAN SHANTELL AVERY

TO:    Name, address, and telephone no.
Shawana Murphy
20490 Greenfield Road
Detroit, MI 48235
(248)506-1675

You have been appointed and qualified as Personal Representative of the estate on        10/05/2021

Date

You are authorized to do and perform all acts authorized by law except as to the following:
**Restrictions:**

These letters expire:   **11/30/2023**
Date

10/05/2021
Date

Probate Register

### SEE NOTICE OF DUTIES ON SECOND PAGE

| CYRIL C. HALL | 29121 | | |
|---|---|---|---|
| Attorney name (type or print) | Bar no. | Attorney name (type or print) | Bar no. |
| 23756 MICHIGAN AVE STE 100 | | | |
| Address | | Address | |
| DEARBORN, MI 48124-1854 | (313)-788-8888 | | |
| City, state, zip | Telephone no. | City, state, zip | Telephone no. |

I certify that I have compared this copy with the original on file and that it is a correct copy of the original, and on this date, these letters are in full force and effect.

03/27/2023
Date

Deputy Probate Register

The Letters of Authority are valid only if issued with the official seal of the Wayne County Probate Court.

Do not write below this line - For court use only

MCL 700.3103; MCL 700.3307, MCL 700.3414,
MCL 700.3504, MCL 700.3601;
MCR 5.202, MCR 5.206, MCR 5.307, MCR 5.310

**PC 572 (06/16) LETTERS OF AUTHORITY FOR PERSONAL REPRESENTATIVE**

This document is a full and correct copy
of the original on file in the Wayne
County Probate Court, State of Michigan

Shawana Murphy
20490 Greenfield Road
Detroit, MI 48235

PC572d  Dpatterson  3/24/2023 10:22 AM  (i)

Effective July 2020, the Wayne County Probate Court no longer issues fiduciary letters (letters of authority, guardianships, and conservatorships) with a raised seal only an electronic seal is used. If you have any questions about the authenticity of the document being presented to you, please go to the Wayne County Probate Court's website, www.wcpc.us, under Case Access, search and select the case (either by case name or case number). The entry of the Letter of Authority will be shown on the Docket page. The fiduciary and party names are also available on the Party page.

**The following provisions are mandatory reporting duties specified in Michigan law and Michigan court rules and are not the only duties required of you.** See MCL 700.3701 through MCL 700.3722 for other duties. Your failure to comply may result in the court suspending your powers and appointing a special fiduciary in your place. It may also result in your removal as fiduciary.

**CONTINUED ADMINISTRATION:** If the estate is not settled within 1 year after the first personal representative's appointment, you must file with the court and send to each interested person a notice that the estate remains under administration, specifying the reasons for the continued administration. You must give this notice within 28 days of the first anniversary of the first personal representative's appointment and all subsequent anniversaries during which the administration remains uncompleted. If such a notice is not received, an interested person may petition the court for a hearing on the necessity for continued administration or for closure of the estate. [MCL 700.3703(4), MCL 700.3951(3), MCR 5.144, MCR 5.307, MCR 5.310]

**DUTY TO COMPLETE ADMINISTRATION OF ESTATE:** You must complete the administration of the estate and file appropriate closing papers with the court. Failure to do so may result in personal assessment of costs. [MCR 5.310]

**CHANGE OF ADDRESS:** You are required to inform the court and all interested persons of any change in your address within 7 days of the change.

Additional Duties for Supervised Administration

If this is a supervised administration, in addition to the above reporting duties, you are also required to prepare and file with this court the following written reports or information.

**INVENTORY:** You are required to file with the probate court an inventory of the assets of the estate within 91 days of the date your letters of authority are issued or as ordered by the court. You must send a copy of the inventory to all presumptive distributees and all other interested persons who request it. The inventory must list in reasonable detail all the property owned by the decedent at the time of death. Each listed item must indicate the fair market value at the time of the decedent's death and the type and amount of any encumbrance. Where the decedent's date of death is on or after March 28, 2013, the lien amount will be deducted from the value of the real property for purposes of calculating the inventory fee under MCL 600.871(2). If the value of any item has been obtained through an appraiser, the inventory should include the appraiser's name and address with the item or items appraised by that appraiser. You must also provide the name and address of each financial institution listed on your inventory at the time the inventory is presented to the court. The address for a financial institution shall be either that of the institution's main headquarters or the branch used most frequently by the personal representative. [MCL 700.3706, MCR 5.307, MCR 5.310(E)]

**ACCOUNTS:** You are required to file with this court once a year, either on the anniversary date that your letters of authority were issued or on another date you choose (you must notify the court of this date) or more often if the court directs, a complete itemized accounting of your administration of the estate. This itemized accounting must show in detail all income and disbursements and the remaining property, together with the form of the property. Subsequent annual and final accountings must be filed within 56 days following the close of the accounting period. When the estate is ready for closing, you are also required to file a final account with a description of property remaining in the estate. All accounts must be served on the required persons at the same time they are filed with the court, along with proof of service.

**ESTATE (OR INHERITANCE) TAX INFORMATION:** You are required to submit to the court proof that no estate (or inheritance) taxes are due or that the estate (or inheritance) taxes have been paid. **Note:** The estate may be subject to inheritance tax.

Additional Duties for Unsupervised Administration

If this is an unsupervised administration, in addition to the above reporting duties, you are also required to prepare and provide to all interested persons the following written reports or information.

**INVENTORY:** You are required to prepare an inventory of the assets of the estate within 91 days from the date your letters of authority are issued and to send a copy of the inventory to all presumptive distributees and all other interested persons who request it. The inventory must list in reasonable detail all the property owned by the decedent at the time of death. Each listed item must indicate the fair market value at the time of the decedent's death and the type and amount of any encumbrance. Where the decedent's date of death is on or after March 28, 2013, the lien amount will be deducted from the value of the real property for purposes of calculating the inventory fee under MCL 600.871(2). You are also required within 91 days from the date your letters of authority are issued, to submit to the court the information necessary to calculate the probate inventory fee that you must pay to the probate court. You may use the original inventory for this purpose. [MCL 700.3706, MCR 5.307]

**ESTATE (OR INHERITANCE) TAX INFORMATION:** You may be required to submit to the court proof that no estate (or inheritance) taxes are due or that the estate (or inheritance) taxes have been paid. **Note:** The estate may be subject to inheritance tax.

PC572d    Dpatterson    3/24/2023 10:22 AM    (i)

| STATE OF MICHIGAN PROBATE COURT COUNTY OF WAYNE | YOUR RESPONSIBILITIES AS PERSONAL REPRESENTATIVE | FILE NO. 2021-868785-DE |
| --- | --- | --- |

In the matter of    JAQUAN SHANTELL MURPHY,  Decedent

**Claims.** In almost all cases, notice to the decedent's creditors must be published in a newspaper. If you know of specific creditors of the decedent, they must be given a *Notice to Known Creditors* form. You must determine what creditors' claims, if any, should be paid. The estate cannot be closed if publication is required and was not done.

**Inventory.** The law requires you to file an *Inventory* listing all the estate's assets as of date of death within 91 days of the date you became personal representative. The Court will send you a notice and a blank *Inventory* form approximately a month before it is due. The Court will calculate the inventory fee, which the estate must pay within one year of the date you became personal representative. Failure to file the inventory may lead to your suspension and\or the case being administratively closed.

**You Must File A Notice Of Continued Administration Annually.** The law requires you to file a *Notice of Continued Administration* form each year the estate is open – it is due on the anniversary of the date you became personal representative. The Court will send you a notice and a blank *Notice of Continued Administration* form approximately a month before it is due. Failure to file the form may lead to your suspension as personal representative and\or the case being administratively closed. FAX [(313) 967-4030] or mail the form to the following address:

Wayne County Probate Court, General Office
1307 Coleman A. Young Municipal Center
2 Woodward Ave.
Detroit, MI 48226

**All Letters of Authority** issued by the Wayne County Probate Court include an expiration date of 56 days after the fiduciary's qualification anniversary date. Updated copies of Letters of Authority are $12 each, and can be paid by cash, check or money order made payable to the Wayne County Probate Court. Mail your request, along with a self-addressed return envelope, to the address listed below. Payments also accepted online at wcpc.us by debit or credit card with a convenience fee.

**Tell The Court If Your Or The Address Of Any Interested Person And/Or Telephone Number Changes.** If you fail to tell the court about an address and/or telephone number change for yourself or an interested person within 7 days, you could be suspended. FAX [(313) 967-4041] or mail the updated address and/or phone number information to:

Wayne County Probate Court, Document Processors
1307 Coleman A. Young Municipal Center
2 Woodward Ave.
Detroit, MI 48226

## GUIDELINES FOR RECORD KEEPING BY PERSONAL REPRESENTATIVES

**AFTER RECEIVING LETTERS OF AUTHORITY:**
- File a change of address card with the Post Office to receive the decedent's mail.
- Create a file for the decedent.
- Keep the following documents in the decedent's file: all petitions, letters of authority, inventories, fiduciary bonds, notices of continued administration, accounts, guardian ad item (GAL) reports, and closing papers.

**FINANCES AND RECORD KEEPING:**
- There should be one bank account for the decedent with the following caption: "Estate of John Doe, deceased".
- When closing the decedent's account and opening a new one, keep all opening and closing documents.
- All checks payable to the decedent must be deposited into the bank account.
- Open all bank and other statements immediately to identify any irregularities.

- All checks must be hand signed by the fiduciary. Never use a signature stamp. Do not allow anyone else to sign checks. Keep in secure location.
- Keep a copy of all bank statements, checks written, and receipts.
- When closing the decedent's account and opening a new one, keep all closing documents.
- All spending must only be used for the administration of the estate (payment of claims, inventory fees, attorney fees, etc.) and/or payment of heirs or devisees for their share of the estate.
- If there is a question about expenditure, file a petition with the court to obtain court approval.
- Demand and obtain written bills before making a payment.
- Computerized records must be backed up and stored in at least one other location.



WCPC 36 (4/19)  YOUR RESPONSIBILITIES AS PERSONAL REPRESENTATIVE